UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | Case No. 1:17-cr-10101-IT |
| ) | |
| KEVIN AMELL, ) | |
| Defendant. ) | |

### ORDER OF FORFEITURE (MONEY JUDGMENT)

**TALWANI, D.J.**

WHEREAS, on April 24, 2017, the United States Attorney for the District of Massachusetts filed a one-count Information charging defendant Kevin Amell (the "Defendant), with Securities Fraud, in violation of 15 U.S.C. §§ 78j(b), 78ff(a), and 17 C.F.R. §240.10b-5;

WHEREAS, the Information also contained a forfeiture allegation, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), which provided notice that the United States intended to seek the forfeiture, upon conviction of the Defendant of any offense alleged in Count One of the Information, of any property, real or personal, which constituted or was derived from proceeds traceable to the commission of such offense;

WHEREAS, the property to be forfeited specifically included, without limitation:

    a.    $758,000 in United States Currency provided to the Federal Bureau of Investigation (the "FBI") on or about March 27, 2017; and

    b.    a forfeiture money judgment equal to the proceeds obtained as a result of the offense;

WHEREAS, the Information further provided that, if any of the above-described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially

diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant(s), up to the value of such assets, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c);

WHEREAS, May 23, 2017, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant pled guilty to Count One of the Information, pursuant to a written plea agreement that he signed on or about April 24, 2017;

WHEREAS, in Section 9 of the plea agreement, the Defendant agreed to forfeit to the United States $1,954,457 in United States currency, to be credited by the forfeiture of the $758,000 that he surrendered to the FBI, on the grounds that $1,954,457 represents the value of the property the defendant derived from the offense;

WHEREAS, based on the Defendant's admissions in the written plea agreement and his guilty plea on May 23, 2017, the United States is entitled to an Order of Forfeiture consisting of a personal money judgment against the Defendant, in the amount of $1,954,457 in United States currency, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c);

WHEREAS, the amount of $1,954,457 in United States currency constitutes proceeds that the Defendant obtained as a result of violations of 15 U.S.C. §§ 78j(b), 78ff(a), and 17 C.F.R. §240.10b-5;

WHEREAS, the United States has agreed to credit the requested money judgment upon entry of a Final Order of Forfeiture that forfeits the surrendered $758,000 to the United States;

WHEREAS, the United States has filed a Motion for Order of Forfeiture that would consist of a personal money judgment against the Defendant in the amount of $1,954,457 in

United States currency; and

WHEREAS, Rule 32.2(c)(1) of the Federal Rules of Criminal Procedure provides that "no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment."

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED:

1. The Defendant shall forfeit to the United States the sum of $1,954,457 in United States currency, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c). The United States shall credit the $1,954,457 by $758,000 upon entry of a Final Order of Forfeiture forfeiting the surrendered $758,000 to the United States.

2. This Court shall retain jurisdiction in the case for the purpose of enforcing the forfeiture.

3. The United States may, at any time, move pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure to amend this Order to substitute property having a value not to exceed the amount set forth in Paragraph 1 to satisfy the money judgment in whole or in part.

4. The United States may, at any time, conduct pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(m), as incorporated by 28 U.S.C. § 2461(c), any discovery to identify, locate or dispose of forfeitable property or substitute assets, including, but not limited to, depositions and requests for documents, electronically stored information, and tangible things.

5. Pursuant to Rule 32.2(b)(4), this Order shall be included in the sentence pronounced and imposed by the Court at the sentencing hearing, and in the criminal judgment entered by this Court against the Defendant.

/s/ Indira Talwani
INDIRA TALWANI
United States District Judge

Dated: 9/20/2017